IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 106-077 |
| | ) | |
| RITCHIE NIGEL FOO | ) | |

## ORDER

Before the Court the pre-trial motions filed by Defendant Ritchie Nigel Foo. The United States of America, by and through its attorney, Edmund A. Booth, Jr., Acting United States Attorney for the Southern District of Georgia, and Nancy C. Greenwood, Assistant United States Attorney, has filed a response to the motions.

Although Defendant Foo did not file a specific Motion for Discovery, the Court is aware of the government's "open file" discovery policy in this District. The government reports that it has provided Defendant with approximately thirty-nine (39) pages of discovery materials consisting of the investigation reports of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives and the United States Attorney's Office (attorney and agent work product excepted). All known statements by Defendant have been produced, as has his criminal record. Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's investigative file pertaining to this case would render any such specific motion for discovery **MOOT**.

However, to ensure that there are no outstanding discovery requests, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing existing disputes or unresolved items, if any, that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

## MOTION TO PRESERVE EVIDENCE, AGENTS' ROUGH NOTES, REPORTS, MEMORANDA AND TAPE RECORDINGS

Defendant Foo filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 13). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motion is **GRANTED**. The government is required to preserve all evidence in this case.

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 14), subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which he desires to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

### MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant Foo filed a motion seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

In its Arraignment Order dated February 2, 2007 (doc. no. 24), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosure in accordance with the Local Rules. Accordingly, this motion requesting 404(b) disclosures, which the government has already been directed to make, is **MOOT**. (Doc. no. 19).

3

## MOTION FOR DISCLOSURE OF
## THE IDENTITY OF INFORMANTS

Defendant Foo seeks the disclosure of the identity of any informants whose testimony the government intends to use at trial. Where the informant was not an active participant in the criminal activity, disclosure is not required. Roviaro v. United States, 353 U.S. 53, 61-63 (1957); United States v. Gutierrez, 931 F.2d 1482, 1490-91 (11th Cir. 1991); United States v. Parikh, 858 F.2d 688, 696 (11th Cir. 1988); United States v. Moreno, 588 F.2d 490, 494 (5th Cir. 1979). The government must disclose the identity of any informant who played an active role in the criminal activity charged against Defendant at least one week prior to trial. Such disclosure will ensure an adequate opportunity for Defendant to prepare for trial and obviate any need for an *in camera* showing by the government pursuant to Fed. R. Crim. P. 16(d). See United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984) (*per curiam*) (re-iterating circuit precedent that *in camera* hearing not automatically required when informant identity requested). The government responds that no "informant" was used in this case but that ATF was provided information by a tipster whose identity has not been disclosed, as a mere tipster's identity may remain confidential. Accordingly, Defendant's request for discovery of informants is **MOOT**. (Doc. no. 18).

## MOTION FOR PRODUCTION OF DEFENDANT'S and OTHER WITNESS
## STATEMENTS

In light of the government's liberal discovery policy and its disclosure that all known statements by Defendant have been produced, the request for production of Defendant's statements is **MOOT**. (Doc. no. 17-1).

To the extent that Defendant requests disclosure of statements of witnesses the government does not intend to call as witnesses (doc. no. 17-2), Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Under this Rule, Defendant is entitled to discover certain materials if they are either (1) material to the preparation of the defense, or (2) intended by the government to be used as evidence, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). However, this Rule is qualified and limited by Rule 16(a)(2), which provides:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

It can be seen that Rule 16(a)(2) prevents the "discovery or inspection . . . of statements made by government witnesses except as provided in 18 U.S.C. § 3500." Even if the statements satisfy one of the requirements of Rule 16(a)(1)(E), their discovery by Defendant is still barred by Rule 16(a)(2) unless those witnesses will testify at trial. In that case, the statements would be discoverable pursuant to the Jencks Act. See generally United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006) (reviewing requirements for disclosure of statements of witnesses testifying at trial and explicitly noting that "Jencks Act does not

5

apply to the statements of non-testifying witnesses"). The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2). If the statements are not otherwise discoverable pursuant to the rule in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny and no showing of materiality is made, they are not discoverable at all.

### MOTION FOR DISCLOSURE OF EXAMINATIONS AND TESTS

Defendant Foo moves for disclosure of the results of any tests or examinations which are in the custody or control of the government, including tests conducted on defendants and witnesses. To the extent that Defendant is requesting information under Fed. R. Crim. P. 16(a)(1)(F) and (G), the government will be disclosing this information through "open file" discovery. To the extent that Defendant requests information beyond Rule 16(a)(1), the motion is **DENIED**. (Doc. no. 16).

### MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant has filed a motion seeking the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 15). To some extent, Defendant's request exceeds the scope of Brady. Brady material includes information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). This motion is **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date

it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTIONS FOR DISCLOSURE OF PRIOR TESTIMONY

Defendant Foo makes two motions regarding prior testimony. He seeks to have the government identify and disclose all prior testimony given by government witnesses - including an informer, accomplice, co-conspirator, or expert - whether or not such testimony is in any way related to the present prosecution. (Doc. nos. 11, 20). To the extent any such prior testimony is exculpatory to Defendant or could be used to impeach the declarant, the government is already under an obligation to disclose this material. Moreover, as the government points out, some of the requested testimony is equally available to Defendant through the public domain, including the courts. Accordingly, these motions are **DENIED**.

## MOTION TO DISCLOSE BAD ACTS OR PRIOR CRIMES OF WITNESSES

Defendant Foo seeks disclosure of prior criminal conduct and uncharged bad acts of witnesses. (Doc. no. 12). The Confrontation Clause guarantees criminal defendants an opportunity to impeach through cross examination the testimony of witnesses for the prosecution. United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). This right is not, however, unlimited. While Fed. R. Evid. 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross

7

examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 <u>Weinstein's Federal Evidence</u> § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. <u>Id.</u> Moreover, the government has stated its willingness to provide, seven (7) days prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Fed. R. Evid. 609. Beyond the government's continuing duty to disclose under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's motion is **DENIED**.

## MOTION FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE

In this motion, Defendant Foo seeks the disclosure of all electronic surveillance. The government deems this motion satisfied by the disclosure of its entire investigatory file. In light of the government's "open file" discovery policy, the Court expects that the government has provided copies of all tape recorded conversations and transcripts of the recordings to Defendant. Also, if it has not done so already, the government will also make the originals available to counsel for Defendant. Therefore, the motion for disclosure of electronic surveillance is **MOOT**. (Doc. no. 10).

## MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant Foo is **DENIED**. (Doc. no. 9). The Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court. This Order, however, does not prohibit

Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

## MOTION FOR RECIPROCAL DISCOVERY

This motion filed by the government seeks reciprocal discovery from Defendant Foo under Rule 16(b) of the Federal Rules of Criminal Procedure. (Doc. no. 25). In light of the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, the motion is **GRANTED**.

SO ORDERED this 21st day of May, 2007, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA   *

    vs.   *     CASE NO. 1:06-077

RITCHIE NIGEL FOO   *

  *

  *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as order _____ dated 5/21/07 _____, which is part of the official records of this case.

Date of Mailing: 5/21/07
Date of Certificate: 5/21/07

SCOTT L. POFF, CLERK

By _____

NAME:
1. Ritchie Nigel Foo
2. Jesse W. Owen
3.
4.
5.
6.
7.

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds